United States District And Bankruptcy Court
For the District of Columbia

Clevelvet Bragg # 1337896
Richard P. LeBlanc Unit
3695 FM 3514, F-21-B
Beaumont, Tx. 77705

Case: 1:19-cv-02286
Assigned To : Unassigned
Assign. Date : 7/31/2019
Description: Pro Se Gen. Civ. (F-DECK)

vs.

Army Board for Correction
of Military Records &
The Secretary of the Army

## Complainant's Petition To Correct The Record

I Clevelvet Bragg: I.D. #1337896, a Prisoner in the Texas Department of Criminal Justice. Known here & after as the Complainant. and brings his Complaint to this Court of Jurisdiction, becaus both Parties offices are in the Washington D.C. area, or residence. Complainant suffers from PTSD, exhibits 1-3. Complainant's Petition is that this Court Review And Correct the Record to reflect that: The Army Board for Correction of Military Records did have jurisdiction to review, hear and make a decretion or determinat of Complainant's Application to up-grade his military discharge. and decision and determination should stand and be reinstated. Becaus of new and material evidence that was never considered before, the App. was never dismissed or denied on its merits and Complainant's Equal Protection Rights were severel violated, by denying Complainants military discharge-up-grade on false administration Procedure issue, that was not true.

## Authority

This Federal Court has the Authority to review decision made by Army Board for Correction of Military Records and the Secretary of the U.S. Army. 10 U.S.C.S § 1552 (a)(1) and the Equal Protection Cluse of the Fourteenth Amendment.

①

## Statement of Facts

In March 1980 the ABCMR's denied Complainant's application Military discharge up-grade. Complainant never received official notice of the determination on the merits of his claims. but felt that his attorney had failed him.

After receiving his Military Personnel Records, he discovered that he was denied for failure to exhaust administrative remedies. Citing: he did not go before the Army Discharge Review Board 1st.

However; Complainant had been denied at least twice at the level of the ADRB. August 6, 1976 and Jan. 10, 1978. This would have satisfied exhaustion of administrative remedies. See both sides of exhibits A & B & C

A-side at the third paragraph explains the determination of their decision at the ABCMR's hearing. citing, recruiter's collusion violated regulation of the Army. and this would have exhausted administrative remedies.

Here: we're reviewing a third hearing at the ADRB's Level. Yet Complainant's attorney writes a Personal correspondence to the ABCMR's. see exhibit D. and this date would have been Prior to the Feb 1980 date that the ABCMR's is stating. Administrative remedies were exhausted

In 1995. Complainant recovered: Records of exhibits and filed the exact same Application and reserved the ABCMR's to Att.'s briefs and exhibits. Which application should have been over exhaustive of administrative remedies. See E & F. Where I discovered errors of injustice, This application was denied, citing no reconsideration & 6 year statutes of limitations.

## Argument

The ABCMR's cannot rule on, or make a determination on a case, without having jurisdiction.

The ABCMR's composition, Board made up of high ranking civilians in the executive part of their military

②

Branch. Three members constitute a quorum for conduct reviews of applications.

Applications must be reviewed by a panel of Board members. BCMR's staff members may return applications without such review in the following cases.

1. If the applicant does not complete and sign the application.
2. If the applicant failed to exhaust all other administrative remedies. such as by submitting to DRB, or the fifteen-year DRB time limit has not expired.
4. If the Board does not have jurisdiction or,
5. If the application is a request for reconsideration, but no new evidence has been submitted.

Complainant contends that:
A. ABCMR's did have jurisdiction; to hear the application
B. In that it was not expired; by the statutes of limitations.
C. That Complainant submitted evidence that was not considered before.

## Conclusion.

The BCMR's did not have the authority to deny Complainant's application when the application met the criterion of their standard, governing the BCMR.

This BCMR's have a mandate, a command and instruction, and an obligation to follow a set pattern or measure. The Board wants it both ways, they set Complainant up to lock him out of his benefits. Where only in their discretion, Complainant did not exhaust administrative remedies. But on their own records, Complainant did exhaust administrative remedies. see exhibits A-B-C.

Complainant has provided these evidentiary documents to many agencies seeking assistance, after years of submit-

③

ting these documents to the BCMR's. I sent them to the Secretary of the Army, Congress man, senators and Pro-bono advocates for years. And I can't get any relies. However it is clear that the Board did not follow it's mandate!

### Relief Sought & Prayer

My Prayer and relief sought is that I be reinstated from the time that the BCMR's made their determination, in that my discharge be void, for recruiters collusion, and that I receive all benefits due to me.

Granted _____ or Not _____

I Complainant; Cleveland Bragg; makes the above statements under the Penalty of Perjury. S/ Cleveland Bragg

07-16-19

(4)