UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLEVELVET BRAGG**, <br><br> Plaintiff, <br><br> v. <br><br> **ARMY BOARD FOR CORRECTION OF MILITARY RECORDS,** *et al.*, <br><br> Defendants. | Case No. 1:19-cv-02286 (TNM) |

## MEMORANDUM OPINION

Clevelvet Bragg, proceeding *pro se*, received an "undesirable discharge" from the Army in 1970, and for the last 50 years he has tried to convince the military to amend its decision. In August 2000, the Army Board for Correction of Military Records ("ABCMR") reviewed his claim on the merits and denied his request. Now, two decades later, Bragg seeks judicial review of that denial. Because his suit is barred by the applicable statute of limitations, the Court will grant the Government's motion for summary judgment.[1]

### I.

Bragg enlisted in the United States Army in 1968. Defs.' Statement of Material Facts Not in Genuine Dispute ("SMF") ¶ 1, ECF No. 13-2. Between 1969 and 1970, he accepted nonjudicial punishments under Article 15 of the Uniform Code of Military Justice for four

---

[1] Also before the Court is Bragg's motion for default judgment, Pl.'s Mot., ECF No. 16, which the Court will deny. Bragg believes the Government is in default because it did not reply to his brief opposing the Government's motion for summary judgment. *Id.* But the Government did not have to file a reply brief. *See* Min. Order (Feb. 10, 2020). And even if Bragg's opposition brief were also a cross-motion, default judgment against the Government is still unwarranted, because Bragg's suit is time-barred.

1

occasions of fighting, two occasions of failure to repair,[2] disrespect to a superior, and dereliction in the performance of duties. *Id.* ¶ 2. His punishments included extra duties and reduction to pay grade E-1. *Id.* In May 1970, Bragg was charged for a trial by court-martial for dereliction in the performance of duties, five occasions of disobeying a lawful order, and failure to repair. *Id.* ¶ 3.

After consulting legal counsel, Bragg requested a discharge instead of a trial by court-martial under Chapter 10 of Army Regulation 635-200. *Id.* ¶ 4; Defs.' Mot. Ex. 1 at 2,[3] ECF No. 13-3. He was advised of the consequences of this so-called Chapter 10 discharge, including the loss of Army and Veterans Administration benefits. SMF ¶¶ 4–5. So, "[o]n June 29, 1970, [Bragg] was discharged from the Army under Chapter 10 with a characterization of service of 'UD,' *i.e.*, an 'undesirable discharge.'" *Id.* ¶ 6.

Since the mid-1970s, Bragg has made several attempts to upgrade his discharge. In 1976, the Army Discharge Review Board ("ADRB") denied his first request, *id.* ¶ 7, and it denied later requests in January 1978 and March 1980, *id.* ¶ 8.

Bragg appealed to the ABCMR on April 12, 1995, but his application was denied as untimely on August 9, 1995. *Id.* ¶¶ 9-10. The ABCMR explained that an application for correction of military records must be brought within three years after the ADRB's final denial. Defs.' Mot. Ex. 1 at 3. In Bragg's case, the ABCMR determined that the alleged error or injustice would have been apparent upon issuance of the ADRB's March 1980 determination. *Id.* at 3–4. So Bragg should have appealed to the ABCMR by March 1983. *Id.* at 4. Because

---

[2] The Government explains that "failure to repair" means "failure to go to his appointed place of duty." SMF ¶ 2.

[3] All page citations refer to the page numbers that the CM/ECF system generates.

Bragg did not do so until April 1995, the ABCMR concluded that his application was untimely. *Id.*

Five years later, Bragg applied to the ABCMR for reconsideration of its August 9, 1995 determination. SMF ¶ 11. The ABCMR agreed to reconsider the matter, and on August 31, 2000, it issued a decision on the merits, *id.* ¶ 12, after considering new evidence including copies of Bragg's medical records, *see* Defs.' Mot. Ex. 2 at 3–5, ECF No. 13-4. It concluded that Bragg "failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice," *id.* at 5, and denied his application to upgrade the characterization of his discharge from undesirable to honorable, SMF ¶ 13.

In subsequent years, Bragg submitted more reconsideration requests, which the ABCMR rejected. *See id.* ¶¶ 14, 16–17. In a letter to Bragg dated February 4, 2011, the ABCMR acknowledged receipt of Bragg's August 9, 2010 request for reconsideration of its August 9, 1995 determination, and responded as follows:

> The ABCMR records show that you have previously requested reconsideration of ABCMR Docket Number AC95-07427. Records show your previous request for reconsideration was acted upon in ABCMR Docket Number AR2000037480 on August 31, 2000. *This decision on the request for reconsideration was the final action taken by the Secretary of the Army.* There is no further action contemplated by the ABCMR since you are not eligible for further reconsideration[.]

Defs.' Mot. Ex. 3 at 1, ECF No. 13-5 (emphasis added). The ABCMR sent Bragg a similar response to his December 25, 2017 application for reconsideration. *See* SMF ¶ 17; Defs.' Mem. Ex. 4 at 1, ECF No. 13-6.

Bragg recently sought review of the ABCMR's decisions in the U.S. Court of Appeals for the District of Columbia Circuit. *Bragg v. Army Bd. for Corr. of Military Records*, No. 18-1319 (D.C. Cir. May 17, 2019). The Circuit dismissed the case for lack of jurisdiction, noting that "[c]hallenges to the [ABCMR's] decisions must . . . be brought in the district court." *Id.* And—

crucially—it found transfer to the district court unwarranted because Bragg's "challenges to the [ABCMR's] decisions issued in 1995 and 2000 are barred by the [Administrative Procedure Act's] six-year statute of limitations." *Id.* (citing 28 U.S.C. § 2401(a) and *Havens v. Mabus*, 759 F.3d 91, 97 n.11 (D.C. Cir. 2014)). Finally, insofar as Bragg sought to challenge "subsequent decisions of the [ABCMR]," the Circuit found that "those decisions do not constitute reviewable final agency actions." *Id.* (citing *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997)).

Now, Bragg files the same action in this Court, ignoring the D.C. Circuit's observation that his challenges to the ABCMR's decisions are time-barred. Compl. at 1–4, ECF No. 1. The Government moves for summary judgment, arguing that—as the D.C. Circuit has already concluded—his suit is barred by the APA's six-year statute of limitations. Defs.' Mot. at 1, ECF No. 13; Defs.' Mem. at 4, 8–11, ECF No. 13-1.

## II.

To prevail on its motion for summary judgment, the Government must show that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (cleaned up). Bragg, as the non-moving party, may not rely on mere allegations or conclusory statements to defeat the Government's motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III.

Because Bragg seeks judicial review of the ABCMR's final decision, *see* Compl. at 1–4, his claim proceeds—as the D.C. Circuit noted—under the Administrative Procedure Act ("APA"). *Bragg*, No. 18-1319 (May 17, 2019) (citing *Haselwander v. McHugh*, 774 F.3d 990,

996 (D.C. Cir. 2014) and 5 U.S.C. § 704).  The statute of limitations for an APA claim is six years.  28 U.S.C. § 2401(a); *see Havens*, 759 F.3d at 97 n.11.

The Government argues that Bragg's claim is barred by this six-year statute of limitations, and the Court agrees.  Under the APA, "[t]he right of action first accrues on the date of the final agency action."  *Harris v. FAA*, 353 F.3d 1006, 1010 (D.C. Cir. 2004); *see also Havens*, 759 F.3d at 97 n.11 (noting that the plaintiff's APA claims "accrued when the decisions *issued*" (emphasis added)).  The ABCMR issued its final decision on August 31, 2000.  *See* SMF ¶¶ 12, 15; Defs.' Mot. Ex. 2 at 1, 5; Defs.' Mot. Ex. 3 at 1.  So the six-year limitations period expired on August 31, 2006.  Bragg sued here on July 31, 2019, almost 13 years too late.

Bragg complains that the ABCMR "never advised [him] of [its] final decision, or valid judgement on the merits."  Pl.'s Opp'n at 3, ECF No. 15.  In effect, Bragg suggests that the APA's statute of limitations did not begin to run until he received notice of the ABCMR's August 31, 2000 decision.  He is mistaken.  As just noted, the statute of limitations begins to run "on the date of the final agency action," not when a claimant receives notice of the action.  *Harris*, 353 F.3d at 1010.

And even if Bragg were correct, his claim would still be time-barred.  Bragg does not say when he received notice of the August 2000 decision, but as the Government points out, he "has never alleged a delay in his receipt of this decision in his numerous filings at the ABCMR[.]"  Defs.' Mem. at 9 n.2.  At the very latest, he had notice of the decision by August 9, 2010.  On that date, he submitted a request for reconsideration in which he referenced and quoted the August 2000 decision.  Defs.' Mot. Ex. 3 at 2 (quoting Defs.' Mot. Ex. 2 at 3).  Based on a trigger date of August 9, 2010, the six-year limitations period expired in August 2016, three years before Bragg sued here.

In sum, whether Bragg's APA claim accrued in August 2000 or August 2010, it is timebarred. *See Harris*, 353 F.3d at 1008 (affirming dismissal of APA claim because plaintiffs failed to initiate action within six-year limitations period).

Bragg also suggests that his suit is timely because he submitted several additional requests for reconsideration after the ABCMR's August 2000 decision, most recently in 2017. *See generally* Pl.'s Opp'n. Not so, because the ABCMR never reopened proceedings on Bragg's matter after August 2000.

When an agency confronts a request for reconsideration, it may choose to reopen proceedings or not. *Sendra Corp.*, 111 F.3d at 167. Only when the agency reopens proceedings is the resulting decision a new final action that triggers a new limitations period. *Id.* And an agency must "clearly state[] or otherwise demonstrate[]" that it reopened proceedings. *Id.* (quoting *Morris v. Sullivan*, 897 F.2d 553, 558 (D.C. Cir. 1990)).

Here, the ABCMR did not reopen proceedings, because it returned Bragg's post-2000 requests for reconsideration "without action" and reiterated that the August 31, 2000 decision was its "final action." SMF ¶¶ 15–17; Defs.' Mot. Ex. 3 at 1; Defs.' Mot. Ex. 4 at 1. Thus, these post-2000 decisions did not restart the six-year clock. *Sendra*, 111 F.3d at 167. The clock started on August 31, 2000, and expired in August 2006. The D.C. Circuit reached the same conclusion when it observed—citing *Sendra*—that the post-2000 decisions of the ABCMR denying Bragg's requests for reconsideration "do not constitute reviewable final agency actions." *Bragg*, No. 18-1319 (May 17, 2019).[4]

---

[4] Bragg contends that the ABCMR wrongly concluded in its August 2000 decision that he had failed to exhaust administrative remedies and that it lacked jurisdiction. Compl. at 3–4; Pl.'s Opp'n at 3–5. Because his challenge to this decision is time-barred, it is unnecessary to address this argument. In any event, Bragg is incorrect that the August 2000 decision was based on an exhaustion or jurisdictional defect. In that decision, the ABCMR denied Bragg's request for

## IV.

Consistent with the D.C. Circuit's order, *see id.*, the Court finds that Bragg's APA claim is time-barred. The Court thus will grant the Government's motion for summary judgment and will deny Bragg's motion for default judgment. A separate Order will issue.

Dated: July 10, 2020                                             TREVOR N. McFADDEN, U.S.D.J.

---

reconsideration on the merits, concluding that he showed no basis for granting his request to upgrade his military discharge. Defs.' Mot. Ex. 2 at 3–5.