UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLEVELVET BRAGG**,<br><br>Plaintiff,<br><br>v.<br><br>**ARMY BOARD FOR CORRECTION OF MILITARY RECORDS,** *et al.*,<br><br>Defendants. | Case No. 1:19-cv-02286 (TNM) |

**MEMORANDUM AND ORDER**

Clevelvet Bragg received an "undesirable discharge" from the Army in 1970. Twenty years ago, the Army Board for Correction of Military Records ("ABCMR") denied Bragg's request to upgrade his discharge. Bragg, proceeding *pro se*, seeks judicial review of that denial. The Court previously granted the Government's motion for summary judgment, finding that Bragg's suit has been long time-barred. Bragg moves for reconsideration, but he fails to show that the Court's ruling was in any way incorrect or unjust. So the Court will deny Bragg's motion.

**I.**

The Court's previous opinion describes the full background. *Bragg v. ABCMR*, No. 19-cv-2286 (TNM), 2020 WL 3893018, at *1–2 (D.D.C. July 10, 2020). An overview will do here. Bragg enlisted in the Army in 1968 and received an "undesirable discharge" two years later. Defs.' Statement of Material Facts Not in Genuine Dispute ("SMF") ¶¶ 1, 6, ECF No. 13-2. Since then, he has repeatedly tried to convince the Army to upgrade his discharge.

The Army Discharge Review Board denied all of Bragg's requests for an upgrade. *Id.* ¶¶ 7–8. He appealed to the ABCMR in 1995, but it denied his appeal as untimely. *Id.* ¶¶ 9–10. Five years on, the ABCMR agreed to reconsider the matter. *Id.* ¶¶ 11–12. On August 31, 2000, it issued a decision on the merits, denying Bragg's request for an upgrade because he "failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." Defs.' Mot. Ex. 2 at 5,[1] ECF No. 13-4; SMF ¶¶ 12–13.

Bragg continued to submit reconsideration requests, including one on August 9, 2010. SMF ¶ 14; Defs.' Mot. Ex. 3 at 1, ECF No. 13-5. The ABCMR returned these requests "without action," noting that the August 2000 decision was the Army's "final" decision on the matter. SMF ¶¶ 15–17; Defs.' Mot. Ex. 3 at 1; Defs.' Mot. Ex. 4 at 1, ECF No. 13-6.

Before suing here, Bragg sought review in the U.S. Court of Appeals for the District of Columbia Circuit. *Bragg v. ABCMR*, No. 18-1319 (D.C. Cir. May 17, 2019). The Circuit dismissed the case for lack of jurisdiction, noting that "[c]hallenges to the [ABCMR's] decisions must . . . be brought in the district court." *Id.* And—crucially—it found transfer to the district court unwarranted because Bragg's "challenges to the [ABCMR's] decisions issued in 1995 and 2000 are barred by the [Administrative Procedure Act's ("APA")] six-year statute of limitations." *Id.* (citing 28 U.S.C. § 2401(a) and *Havens v. Mabus*, 759 F.3d 91, 97 n.11 (D.C. Cir. 2014)). Finally, if Bragg sought to challenge "subsequent decisions of the [ABCMR]," the Circuit found that "those decisions do not constitute reviewable final agency actions." *Id.* (citing *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997)).

Undeterred, Bragg then sued here. The Government moved for summary judgment, arguing that Bragg's suit is time-barred by the APA's six-year statute of limitations, as the D.C.

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

Circuit had observed.  Defs.' Mot. at 1, ECF No. 13; Defs.' Mem. at 4, 8–11, ECF No. 13-1.  The Court agreed.  Because a right of action under the APA "first accrues on the date of the final agency action," *Harris v. FAA*, 353 F.3d 1006, 1010 (D.C. Cir. 2004), the limitations period expired on August 31, 2006, six years after the ABCMR's final decision.  *Bragg*, 2020 WL 3893018, at *3.  Bragg sued here in late July 2019, almost 13 years too late.  *Id.*

Contrary to *Harris*, 353 F.3d at 1010, Bragg suggested that the APA's limitations period does not begin to run until a claimant receives notice of the final agency decision.  *Id.*  Even if that were true, his claim would still be time-barred, since the record shows he had notice of the August 2000 decision by August 9, 2010, at the very latest.  *Id.*  So the limitations period expired no later than August 2016, three years before Bragg sued here.  *Id.*

Bragg also suggested that his suit was timely because he repeatedly sought reconsideration of the August 2000 decision, most recently in 2017.  *Id.*  But because the ABCMR never reopened proceedings and reiterated that its August 2000 decision was "final," it never triggered a new limitations period.  *Id.* (citing *Sendra Corp.*, 111 F.3d at 167).

Thus, consistent with the D.C. Circuit's order, *see Bragg*, No. 18-1319 (May 17, 2019), the Court found that Bragg's suit is time-barred, granted the Government's motion for summary judgment, and denied Bragg's motion for default judgment.  *Id.* at *4.

Bragg now moves for reconsideration of this ruling, Pl.'s Mot. to Alter or Amend J. ("Pl.'s Mot."), ECF No. 20, and the Government has filed its opposition, Defs.' Opp'n, ECF No. 21.  Bragg's motion is ripe for disposition.[2]

---

[2]  Once the motion and opposition were docketed, the Court ordered Bragg to file his reply, if any, by September 17, 2020.  Min. Order (Aug. 27, 2020).  No reply has been forthcoming.

## II.

Bragg's motion invokes Federal Rule of Civil Procedure 59(e), which permits a court to "alter or amend" its judgment. Pl.'s Mot. at 1. Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A motion under this rule "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up).

## III.

Bragg identifies nothing that casts doubt on the Court's ruling—no intervening change of controlling law, new evidence, clear error, or manifest injustice. Instead, his motion mainly discusses the merits of his "undesirable discharge," *see* Pl.'s Mot. at 2–4, a matter that is irrelevant here given the statute-of-limitations bar.

Bragg's motion makes a handful of other claims that are either wrong or tangential. First, he suggests that the ABCMR erred in denying his 1995 appeal as untimely. *See id*. at 5. But the timeliness of his 1995 administrative appeal is beside the point. Five years later, after Bragg sought reconsideration, the ABCMR agreed to review his case on the merits, leading to its August 2000 decision. SMF ¶¶ 11–13. Since that was a final agency decision, *id*. ¶ 15, the only timeliness issue here is whether Bragg sued within six years of that action. *See* 28 U.S.C. § 2401(a); *Harris*, 353 F.3d at 1010. He did not.

Bragg next repeats an argument he raised previously: that the ABCMR wrongly concluded in its August 2000 decision that he had failed to exhaust administrative remedies and

4

that it lacked jurisdiction. *See* Pl.'s Mot. at 5–6. As the Court has explained, this argument is irrelevant because Bragg's challenge to the August 2000 decision is time-barred. *Bragg*, 2020 WL 3893018, at *3 n.4. And in any event, the record shows that this decision was not based on an exhaustion or jurisdictional defect: it was a decision on the merits. *See* Defs.' Mot. Ex. 2 at 3–5.

Finally, Bragg vaguely claims that the ABCMR withheld "notice" from him. *See* Pl.'s Mot. at 5. It is unclear what notice Bragg thinks the ABCMR withheld. But if he is suggesting the ABCMR withheld notice of its August 2000 decision, the record contradicts this. The record shows that he received notice of that decision no later than August 9, 2010, because on that date, he submitted a reconsideration request that referenced and quoted the decision. Defs.' Mot. Ex. 3 at 2 (quoting Defs.' Ex. 2 at 3). And even if somehow the APA's six-year limitations period did not begin to run until August 9, 2010—the latest possible date of notice—Bragg's suit is still three years too late. *Bragg*, 2020 WL 3893018, at *3.

In sum, nothing in Bragg's motion leads the Court to second-guess its original ruling, either as a matter of law or as a matter of justice.

**IV.**

For these reasons, it is hereby

**ORDERED** that Plaintiff's [20] Motion to Alter or Amend the Judgment is DENIED.[3]

**SO ORDERED**.

Dated: September 29, 2020                                         TREVOR N. McFADDEN, U.S.D.J.

---

[3] In the final sentence of his motion, Bragg requests, in the alternative, an "evidentiary hearing." Pl.'s Mot. at 6. Because his suit is time-barred, the Court denies this request too. And the Court finds it unnecessary to hold an oral hearing on Bragg's motion for reconsideration. LCvR 7(f).

5